1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TROY BARTHOLOMEW,

11              Petitioner,                   No. CIV S-10-3395 JAM GGH P

12        vs.

13   TIM J. OCHOA,

14              Respondent.           FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the November 2008 decision by the

18   California Board of Parole Hearings (BPH) finding him unsuitable for parole.

19            On January 28, 2011, the undersigned ordered both parties to provide briefing

20   regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred

21   in commanding a federal review of the state's application of state law in applying the "some

22   evidence" standard in the parole eligibility habeas context.  Swarthout v. Cooke, 502 U.S. ___,

23   ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011).

24            The parties have timely filed briefing, yet for the reasons set forth in the prior

25   order, it appears there is no federal due process requirement for a "some evidence" review, thus

26   the federal courts are precluded from a review of the state court's application of its "some

1   evidence" standard. [1]

2       A review of the petition in this case demonstrates that it is entirely based on

3   alleged violation of California's "some evidence" requirement.  Therefore, the petition should be

4   denied.

5       Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.

6       If petitioner files objections, he shall also address if a certificate of appealability

7   should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

8   U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

9   constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

10   which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

11       These findings and recommendations are submitted to the United States District

12   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

13   days after being served with these findings and recommendations, any party may file written

14   objections with the court and serve a copy on all parties.  Such a document should be captioned

15   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16   shall be served and filed within fourteen days after service of the objections.  The parties are

17   advised that failure to file objections within the specified time may waive the right to appeal the

18   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19   DATED: March 9, 2011       /s/ Gregory G. Hollows

20       _____
        UNITED STATES MAGISTRATE JUDGE

21   GGH:014 - bart3395.fr

22

23      [1] The court notes some perversity in the result here.  Loss of good-time credits, even for a
day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence."

24   Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).  Assignment to administrative
segregation requires the same "some evidence" before such an assignment can be justified.

25   Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003).  However, a denial of parole eligibility after
sometimes decades in prison, and where another opportunity for parole can be delayed for as

26   long as fifteen more years, requires no such protection from the federal due process standpoint.
Nevertheless, such is the state of the law.